IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MARS L. GORE,

    Plaintiff,

vs.                                                     Case No. 4:96cv149-WS/WCS

HARRY K. SINGLETARY, JR.,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, has filed a motion for relief from final judgment under FED. R. CIV. P. 60(b)(5) or (6).  Doc. 9.  Plaintiff's motion was filed on August 19, 2005, doc. 9, and this case was closed in June of 1996.  Docs. 7, 8.  The order dismissed the complaint as frivolous, but the complaint itself cannot be reviewed because the file was archived in 1999.

Rule 60(b) provides that upon "motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" and then sets forth various situations under which a party may be relieved.  FED. R. CIV. P. (6)(b).  Plaintiff specifically references the reasons provided in (5) and (6) to justify relief from judgment

in this case.  Those reasons are: "(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."  FED. R. CIV. P. 60(b)(5),(6).  The rule also provides that such a "motion shall be made within a reasonable time . . . ."  FED. R. CIV. P. 60(b).

In this case, Plaintiff's motion for relief from judgment has been filed nine years after the original case was dismissed.  That is simply too long and Plaintiff's motion should be denied.  Furthermore, there is nothing within the body of Plaintiff's motion to show that any claim he is attempting to revive has been exhausted through the prison's grievance process.  Until that happens, any claims Plaintiff attempts to bring would be subject to immediate dismissal.  28 U.S.C. § 1915(e).

Denial of Plaintiff's motion does not automatically prohibit Plaintiff from litigating the same sort of claims raised in the original case should he desire to do so and should such claims be new, based upon new conditions and new evidence.  Plaintiff may file a new civil rights action presenting the factual allegations, the basis for his claim, and his request for relief.  Plaintiff is reminded that he must demonstrate exhaustion of administrative remedies prior to filing any new action.  Plaintiff is further advised that he must either submit a new *in forma pauperis* application or pay the full amount of the court's filing fee at the time he submits another complaint.[1]

---

[1] He is further advised that he is subject to the "three strikes" limitation of § 1915(g), and should give careful consideration to the merits of his claims.  If Plaintiff has more than three cases dismissed for reasons which could as "strikes," he will not be entitled to *in forma pauperis* status.  28 U.S.C. § 1916(g).  This case was dismissed as frivolous which counts as a strike under 28 U.S.C. § 1915(e)(2).

Case No. 4:96cv149-WS/WCS

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for relief from judgment under Rule 60(b), doc. 9, be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2005.

    s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**